AO 472 (Rev. 05/05) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA
V.
JAMES HUNTER
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**
Case Number: 10-30274

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant James Hunter was a guest at a home at Glynn and Dexter in the City of Detroit on June 18, 2010 when he and the co-defendant got into an altercation with the home owner and were asked to leave. They left, and returned to the home at 3357 Glynn in a 2003 Ford Taurus owned by Defendant Hunter's girlfriend. The Defendant's uncle apparently approached the car and saw that they had firearms and tried to diffuse the situation by talking to the two men and trying to convince them not to go any further. The owner of the house called DPD who arrived and saw the parked car idling in front of the home with the lights on, at which time the three men began walking away from the car. (CONTINUE ON PAGE 2)

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 7, 2010 | s/ Mona K. Majzoub |
|---|---|
| Date | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

The officers gave a verbal command for the Defendant and the co-defendant and the uncle to put their arms in the air and kneel, but Defendant Hunter and his co-defendant continued to walk away. The officers gave a second verbal command and Defendant and his co-defendant at that time complied.

On the front passenger seat of the car in plain view were: a 9 mm Glock loaded with one live chambered round and 11 additional rounds in the magazine; and 1 AK 47 assault rifle loaded with one live round in the chamber and 29 live rounds in the magazine. Defendant and his co-defendant were then arrested for carrying a concealed weapon in a motor vehicle.

Defendant Hunter is currently serving a four year probation term after pleading guilty to Felony Carrying a Concealed Weapon/Firearm on 3/26/07. Additionally he has several prior felony convictions including two convictions for carrying concealed weapons and one felony conviction for Felony Controlled Substance having been found guilty and having been sentenced to two years probation. He has one outstanding warrant for failure to appear in 36th District Court (8/14/08) and one Misdemeanor conviction for Contempt of Court (1/9/07 in 19th District Court).

His grandmother reports that he has mental health issues, although Defendant denies this. For the past year he has been living with his girlfriend and has a six year old son who lives with the mother of the child. Third party custody to the girlfriend would not be appropriate in this instance, as it was her car that the defendant drove and in which live weapons were found.

Defendant has no significant work history and no record of employment. He receives Social Security Disability income for his sickle cell condition in the amount of $861 monthly and has no assets. His only financial obligation is a monthly rent payment of $525. He has lived in the community for all of his life.

Defendant has an active warrant for failure to appear in 2008 and a criminal record that dates back to 1997. All of his contacts with the legal system have involved drugs and guns. This a activity occurred while he was on probation for another firearm conviction. These charges were brought against Defendant while under supervision following a 2007 conviction for another weapons offense, so it appears that deterrence is not a factor in guiding his behaviors. Based upon his continuing pattern of criminal conduct involving firearms, even while under supervision, and his grandmother's statement that she believes he has mental health issues, it is highly unlikely that this Defendant could comply with conditions of bond under any circumstances. This defendant is deemed to be a risk of flight, based upon the outstanding warrant for failure to appear in court in 2008, but more significantly, is deemed to be a danger to the community based upon the facts underlying the instant charges, in combination with his criminal past and his present probationary status.

No condition or combination of conditions would reasonably assure the safety of the community, or this defendant's appearance in court; therefore detention is Ordered.